Woodbury, J.
It is nut necessary to state in detail the state of the case below, and the character of all the issues made in it. The defendant Leeper filed his cross-petition in the common pleas, pleading the fact of a sale by him to James Kennedy of certain lands, the price thereof, the terms of sale, the fact that a note was given by Kennedy for part of the purchase-money which was not due and had not been paid, and asking that his vendor’s lien be protected out of the proceeds of a sale. He did not ask for a personal judgment, and, as has been said, his note was not then due and judgment could not have been taken on it. He applies for leave to file a supplemental cross-petition setting up the maturity of. the note, and asking a *499 personal judgment as against Kennedy. If Leeper had set up these facts in the court below,.if he could have set them up, and have asked a- personal judgment, in that court, •no appeal could have been allowed to this court, for the defendant to the cross-petition would have been entitled to a jury trial upon it. Sec. 5021 of the code provides:
Anderson & Loclce, and Mathews & Meade, for Leeper.
Steele & Rosemond, contra.
“ In an action to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money, the plaintiff may also ásk in his petition a judgment for the the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only.”
So that, if in these classes of cases a party sets up a specific lien, and asks a personal judgment, the issue is properly triable to a jury, and no appeal would be allowed. Now the defendant, Leeper, is in this court because of his appeal of the branch of the case in which he was interested; and, as he would not have heen allowed to appeal had he made such an amendment, or filed such a supplemental pleading below, we think he ought not to be allowed to do so upon appeal to this court.